**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

L. KIRK TOMPKINS; SUSIE
TOMPKINS,

     Plaintiffs - Appellants,

v.

LIFEWAY CHRISTIAN RESOURCES
OF THE SOUTHERN BAPTIST
CONVENTION; LIFEWAY CHRISTIAN
RESOURCES OF THE SOUTHERN
BAPTIST CONVENTION, INC.;
GLORIETA 2.0, INC.; DAVID
WEEKLEY; THOM RAINER, President,
Lifeway Christian Resources of the
Southern Baptist Convention; JERRY L.
RHYNE, CFO, Lifeway Christian
Resources of the Southern Baptist
Convention; LARRY D. CANNON,
Secretary, Lifeway Christian Resources of
the Southern Baptist Convention,

     Defendants - Appellees,

and

EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION;
SOUTHERN BAPTIST CONVENTION;
FRANK S. PAGE, President and CEO,
Executive Committee of the Southern
Baptist Convention; D. AUGUST BOTO,
Executive VP, Executive Committee of the
Southern Baptist Convention; TERRY S.
BRASWELL; TERRY LOOPER;
LEONARD RUSSO; TRAVIS BEST;
CRAIG CARSLILE, Directors, Lifeway
Christian Resources of the Southern Baptist

No. 15-2053
(D.C. No. 1:13-CV-00840-JB-CG)
(D.N.M.)

Convention,

Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO, EBEL,** and **GORSUCH,** Circuit Judges.
_____

L. Kirk Tompkins and Susie Tompkins appeal from a district court order dismissing their complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The parties are familiar with the facts, which we need not recite here in detail. Lifeway Christian Resources ("Lifeway") declined to renew the Tompkins' lease at the Glorieta Conference Center ("GCC"), deciding instead to sell the campus to Glorieta 2.0, Inc. The Tompkins filed suit against Lifeway, Glorieta 2.0, the Executive Committee of the Southern Baptist Convention,[1] and various directors and officers of the corporate defendants. After giving the Tompkins opportunities to amend their complaint, the district court dismissed the action in its entirety. The Tompkins timely appealed, proceeding pro se. This court appointed counsel.

We agree with the district court that the Tompkins lacked prudential standing to bring their first two claims because they seek to vindicate the rights and interests

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Lifeway's parent corporation is the Southern Baptist Convention ("SBC").

2

of others.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("Even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").  In their first two claims, the Tompkins allege that defendants failed to follow SBC's internal governance procedures and made misrepresentations to SBC's Executive Committee.  These claims rest on the legal rights of SBC and Lifeway rather than on the rights of the Tompkins.  See Bixler v. Foster, 596 F.3d 751, 756 n.4 (10th Cir. 2010).

We also affirm the district court's dismissal of the Tompkins' implied contract claim under Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain allegations of fact that, taken as true, "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Tompkins have not alleged facts showing they possessed a reasonable expectation that Lifeway would refrain from selling GCC.  See Hartbarger v. Frank Paxton Co., 857 P.2d 776, 783 (N.M. 1993) (under New Mexico law, "[a]n implied contract is created only where [the defendant] creates a reasonable expectation," which is measured "by just how definite, specific, or explicit has been the representation or conduct relied upon").

Finally, with the assistance of appointed counsel, the Tompkins argue that their complaint contained a plausible claim of unconscionability.  Even affording their pleadings the liberal construction due to pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we disagree.  Although the terms of the leases at issue

3

operated to the detriment of the Tompkins, the operative complaint does not contain allegations suggesting procedural unconscionability.  See State ex rel. King v. B&B Inv. Grp., Inc., 329 P.3d 658, 669 (N.M. 2014) (describing relevant factors in procedural unconscionability analysis).  Nor have the Tompkins made an "affirmative showing of mistake, fraud or illegality" sufficient to establish substantive unconscionability under New Mexico law.  Smith v. Price's Creameries, 650 P.2d 825, 829 (N.M. 1982).[2]

> We **AFFIRM**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] The district court also held that the Tompkins failed to plead their fraud claims with particularity sufficient to satisfy Fed. R. Civ. P. 9(b).  Because the Tompkins do not develop a challenge to this ruling on appeal, we consider the issue waived.  See Iliev v. Holder, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010).